**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT HEIBEL,

    Petitioner,                                         Case Number 1:07-15038
                                                               Honorable Thomas L. Ludington

v.

KENNETH ROMANOWSKI, et. al.,

    Respondents.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS**

       Petitioner Robert Heibel is presently confined at the Parr Highway Correctional Facility in Adrian, Michigan. He seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, petitioner challenges the decision of the Michigan Parole Board to revoke his parole on his conviction for first-degree criminal sexual conduct. For the reasons stated below, Court dismisses without prejudice the petition for writ of habeas corpus**.**

I

       Petitioner was sentenced to two to fifteen years in prison for first-degree criminal sexual conduct. Petitioner was released on parole on October 31, 2002.

       Petitioner claims that he was arrested by his parole agent on April 24, 2003 for violating the terms of his parole. Petitioner claims that his parole was revoked and he was returned to prison on or about May 21, 2003.

       Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the ground that the Michigan Parole Board revoked his parole without first conducting a full parole revocation hearing, in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

II

The instant petition must be dismissed without prejudice. Petitioner has not exhausted his parole revocation claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *See also Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his claims to the state courts and exhausted all state court remedies available to him. *See Rogers v. Howes*, 144 F. 3d 990, 992 (6th Cir. 1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, Petitioner's contention that he does not have any state court remedies with which to exhaust his claims is mistaken. Petitioner has an available state court remedy with which to exhaust his parole revocation claims. In *Caley v. Hudson,* 759 F. Supp. 378, 379-81 (E.D. Mich. 1991), another judge in this district held that an inmate who challenged his confinement for a parole violation by the Michigan Parole Board had an available state remedy in the form of a state

habeas corpus action and the failure of the inmate to exhaust that available state court remedy required dismissal of his federal habeas petition. [1]

The court in *Caley* based its decision on the case of *Triplett v. Deputy Warden, Jackson Prison,* 142 Mich. App. 774, 779; 371 N. W. 2d 862 (1985), in which the Michigan Court of Appeals held that review of a parole revocation decision was permissible upon the prisoner filing a complaint for writ of habeas corpus in the state trial court. *Id.* (*citing to In Re Casella,* 313 Mich. 393; 21 N. W. 2d 175 (1946). There is no limitation on the time in which a complaint for writ of habeas corpus is filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Triplett,* 142 Mich. App. at 779. Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett,* 142 Mich. App. at 779-780; *Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558; 186 N. W. 2d 859 (1971). Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

In the present case, Petitioner has not yet exhausted his parole revocation claims with the Michigan courts and has an available state court remedy to do so. Accordingly, the instant petition is subject to dismissal. *Caley,* 759 F. Supp. at 381; *See also Bridges v. White,* No. 2007 WL 2984086, * 2-3 (E.D.Mich. October 12, 2007).

---

[1] The court in *Caley* recognized, as does this Court, that an alternative method of challenging the revocation of parole would be for an inmate to institute an action under the Michigan Administrative Procedures Act ("APA"), Mich. Comp Laws § 24.303(3). However, the APA requires that appeals from Parole Board rulings must be made within 60 days of the ruling. *Caley,* 759 F. Supp. at 379, fn. 1, *citing to* Mich. Comp Laws § 24.304 (1). Because more than sixty days have elapsed since the Parole Board revoked petitioner's parole in this case, the APA would not be an available remedy for petitioner to exhaust his parole revocation claims.

III

Petitioner has failed to exhaust his state court remedies with respect to his parole revocation claims and still has an available state court remedy to do so.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED WITHOUT PREJUDICE.**

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: December 19, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 19, 2007.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS